UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD T. SQUYRES | CIVIL ACTION |
| VERSUS | NO. 15-671-JWD-RLB |
| UNITED AIRLINES, INC. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 14, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD T. SQUYRES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-671-JWD-RLB** |
| **UNITED AIRLINES, INC.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is Plaintiff's Motion to Remand. (R. Doc. 8). The motion is opposed. (R. Doc. 9). The sole issue before the court is whether the amount in controversy requirement for diversity jurisdiction has been satisfied in this action.

**I.    Background**

On August 31, 2015, Ronald T. Squyres ("Plaintiff"), filed the instant lawsuit in the 19th Judicial District Court in East Baton Rouge Parish, Louisiana, against United Airlines, Inc. ("Defendant"). (R. Doc. 1-1, "Petition"). Plaintiff alleges that he boarded United Airlines Flight Number 1150 on August 30, 2014, in Phoenix, Arizona to return to his home in Baton Rouge, Louisiana. (Petition, ¶ 2). Plaintiff alleges that because he suffers from fibromyalgia, a painful nerve disease, he updated to a first-class seat. (Petition, ¶ 3-4). Before takeoff, Plaintiff went to the restroom. As he was returning to his seat, he was asked by a security person from United Airlines to leave the flight because a flight attendant saw him stumble getting on to the airplane and thought he was drunk. (Petition, ¶ 5-7). Plaintiff informed the security person that he was not drunk, but after the flight attendant insisted he leave, Plaintiff got off of the airplane in fear of arrest. (Petition, ¶ 8-9). Plaintiff stayed in Phoenix for an additional two days before he could return home to Baton Rouge. (Petition, ¶ 10).

Plaintiff alleges that as a result of the incident he "suffered increased paranoia and nervousness." (Petition, ¶ 11). Plaintiff seeks damages for the following categories of injuries: (a) severe mental anguish and distress; (b) severe paranoia; (c) airline ticket expenses; (d) hotel expenses; and (e) other damages which may be shown at the trial of this matter. (Petition, ¶ 14). Plaintiff specifically alleges that his "cause of action does not exceed fifty thousand dollars exclusive of interest and costs." (Petition, ¶ 15).

On October 9, 2015, Defendant removed this action, alleging that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). Defendant alleges that despite the statement in the Petition that Plaintiff's cause of action "does not exceed fifty thousand dollars exclusive of interest and costs," removal is appropriate because the Plaintiff "does not affirmatively and unequivocally stipulate that he renounces a damages award in excess of $75,000.00." (R. Doc. 1 at 4). In other words, Defendant claims that the amount in controversy exceeds $75,000.00 for the purpose of diversity jurisdiction solely because the Plaintiff did not affirmatively seek "to preclude" removal by stipulating that the jurisdictional amount is not satisfied. (R. Doc. 1 at 5). Defendant does not discuss in the Notice of Removal whether the amount in controversy is facially apparent or otherwise present any facts in controversy or summary judgment type evidence in support of a finding that the amount in controversy requirement is satisfied.

On November 5, 2015, Plaintiff filed his Motion to Remand, arguing that the amount in controversy requirement is not satisfied.

**II.     Arguments of the Parties**

In support of remand, Plaintiff argues that, based on the allegations in his Petition, the jurisdictional amount is not facially apparent and Defendant has not otherwise proven that

Plaintiff's claim exceeds the jurisdictional amount. (R. Doc. 8-1 at 2). Plaintiff further notes that his allegation in paragraph 15 of the Petition stating that the cause of action does not exceed $50,000 clarifies whether the amount in controversy requirement is satisfied and should control. (R. Doc. 8-1 at 1-2).

In opposition, Defendant argues that Plaintiff's allegation in paragraph 15 of the Petition stating that the cause of action does not exceed $50,000 is insufficient to serve as "a binding judicial confession to defeat removal." (R. Doc. 9 at 2). In essence, Defendant argues that because Plaintiff has not submitted a binding stipulation precluding his recovery of an amount exceeding the jurisdictional amount, the court must exercise diversity jurisdiction over this action. (R. Doc. 9 at 3-4). As in the Notice of Removal, Defendant does not discuss whether the amount in controversy is facially apparent and does not offer any summary judgment evidence in support a finding that the amount in controversy requirement is satisfied.

### III.  Law and Analysis

#### A.  Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal

statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). This prohibition on alleging a specific amount of damages, however, "is not applicable to a suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . ." La. Code Civ. P. art. 893(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).  The court will first consider whether it is facially apparent from the Petition that Plaintiff's claims is likely to exceed $75,000.  If not, the court will consider whether Defendant has set forth any facts in controversy supporting a finding of the jurisdictional minimum.

**B.     Whether the jurisdictional minimum is facially apparent**

Plaintiff's failure to include any allegations regarding the amount in controversy to support federal jurisdiction, as required by Louisiana Civil Code of Procedure article 893(A)(1), is not dispositive. *See Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14, 2007).  Plaintiff does allege, however, that he is not entitled to recover damages in excess of $50,000. (Petition, ¶ 15).  It appears that Plaintiff makes this allegation to clarify that he is not seeking a jury trial.  *See* La. C.C.P. art. 1732(1) ("A trial by jury shall not be available in . . . a suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs.").  This allegation is a factor considered for determining whether the amount in controversy is facially apparent. *See Brown v. Richard*, No. 00-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000).

Based on the foregoing, and the language in the Petition, the court concludes that it is not facially apparent that the amount in controversy requirement is satisfied.  Plaintiff's requests for reimbursement of the cost of his first-class airline ticket and hotel expenses are not likely to exceed $5000.  There is nothing in the Petition indicating that the mental damages alleged by Plaintiff are worth the remainder necessary to meet the federal jurisdictional requirement.  Plaintiff does not allege that he suffered any physical injuries, that he has obtained any medical

6

treatment, that he has been prescribed any medication, or that he has suffered lost wages or capacity to work. Plaintiff has certainly not alleged that he seeks recovery for such damages.

      **C.    Whether Defendant has set forth any facts in controversy supporting a finding of the jurisdictional minimum.**

As the amount in controversy requirement is not facially apparent, the court will turn to whether Defendant has set forth any facts in controversy supporting a finding of the jurisdictional minimum. Defendant has not submitted any arguments or evidence indicating that the damages sought by Plaintiff will likely exceed the jurisdictional amount.

Rather than attempt to meet its own burden, Defendant merely harps on the fact that Plaintiff did not submit a pre-removal binding stipulation that the amount in controversy is not satisfied. There is no requirement that Plaintiff must do so. Defendant's reliance on the *De Aguilar* decision is misplaced. In that decision, the Fifth Circuit merely stated that "once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount" the only way Plaintiff may defeat removal is demonstrating "that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar*, 47 F.3d at 1412. The Fifth Circuit said that this could be done in many ways, including by entering into a binding stipulation prior to removal indicating that the jurisdictional amount would not be sought by Plaintiff. *Id*.

Here, Defendant has not established that the amount in controversy requirement is satisfied based on any facts in controversy. Indeed, Defendant makes no argument that the damages sought by Plaintiff exceed the jurisdictional amount. Accordingly, it is of no event that Plaintiff did not enter into a pre-removal binding stipulation. To hold otherwise would result in a finding of jurisdiction in every case, no matter how insignificant the amount in controversy may be, simply because the plaintiff failed to execute such a stipulation within a timeframe deemed

7

appropriate by the defense. In short, Plaintiff's failure to enter into such a stipulation does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied. *Lowe*, 2008 WL 906311, at *2.

### D. Award of Costs and Expenses

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993). To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

The court should award costs and expenses to Plaintiff pursuant to 28 U.S.C. § 1447(c). Defendant removed this action on the basis that the amount in controversy requirement is satisfied. The Petition is devoid of allegations that would support a finding that the amount in controversy is facially apparent. Defendant does not allege that it requested a binding stipulation prior to removal and Plaintiff refused to enter into such a stipulation. Instead, Defendant simply states that Plaintiff did not unilaterally provide such a stipulation. (R. Doc. 1 at 4-5). Defendant has presented no argument or evidence to support its burden of proving that the amount in controversy requirement is satisfied.

Plaintiff did not provide any statement of "just costs and any actual expenses" incurred in addressing removal. A review of the record, including the motion to remand, suggests that Plaintiff is entitled to recover, pursuant to 28 U.S.C. § 1447(c), costs and expenses, including attorney's fees, incurred as a result of the removal in the amount of $500.

## IV. Conclusion

For the foregoing reasons, the court does not have subject matter jurisdiction under 28 U.S.C. §1332(a) because the amount in controversy requirement has not been satisfied.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 8) be **GRANTED**, and the case be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

It is further recommended that pursuant to 28 U.S.C. § 1447(c), defendant United Airlines Inc. should be ordered to pay to Plaintiff costs and expenses incurred as a result of the removal in the amount of $500, within 14 days of the ruling on the motion to remand or within such time as the district judge may direct.

Signed in Baton Rouge, Louisiana, on December 14, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**